UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIANNE C. DAVIS,<br><br>                    Plaintiff,<br><br>-against-<br><br>BEATRICE CARTY; KIM WHITFIELD; JAMES BLACK; EVELYN CLARKE; SHARI PEELE; ANALI FERNANDEZ; KAREN HARGROVE; KEITH LASNEBURG; HEIDEE BURNS; AWILDA GOMEZ; MS. TORREZ; LOUIS DEJOY, POSTMASTER GENERAL,<br><br>                    Defendants. | 24-CV-6674 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Shianne Davis proceeds *pro se*. She alleges that her former employer, the United States Postal Service (USPS), discriminated against her on the basis of her sex, religion, disability, and being a "single parent," in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 (ADA), and the New York State and City Human Rights Laws. Plaintiff sues Postmaster General Lois DeJoy, and eleven of her former coworkers.

By order dated September 10, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

# BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff worked for the USPS in three different locations and had problems at each location. From December 2018 through June 2022, Plaintiff worked at the "FDR Parcel Post" on Third Avenue in Manhattan. She makes the following allegations about that position:

> 1. Management repeatedly threaten to fire me 2. Job position used as pond against me 3. Unfairly overworked 4.Strenuous Labor caused health complications 5. Verbally abused 6. Emotional Distress 7. Mental Anguish 8. Harassment 9. Demeaned my appearance and sexual preference as bisexual.

(ECF 1 at 7.)

Thereafter, from July to October 2022, and again from January 2023 to January 2024, Plaintiff worked at the USPS "Morgan P & DC" on Ninth Avenue. Plaintiff alleges that the following took place at this location:

> 1. Fraudulent misrepresentation 2. Negligent misrepresentation 3. Intentionally falsified documents to force me to sign 4. Caused trauma induced disorders (anxiety and depression) 5. Harassment 6. Denied my access to building to report for scheduled shift by deactivating my badge 7. Emotional Distress 8. Mental Anguish.

(*Id.* at 7-8.)

Plaintiff worked at the Cathedral Post Office on 104th Street in Manhattan from November 2022 to January 2023. She alleges that the following took place:

> 1. Antagonized for my religion 2. Intentionally humiliate me in front coworkers 3. Forced to work in hostile work environment 4. Bias Treatment 5. Physically aggressive 6. Emotional distress 7. Mental anguish 8. Allowed coworkers to verbally attack me.

(*Id.* at 8.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3

Plaintiff indicates that she filed discrimination charges on multiple dates: October 2022, November 2022, December 2022, and February 2023. She states that the United States Equal Employment Opportunity Commission (EEOC) issued a notice of right to sue on May 30, 2024, which she received on June 6, 2024. She filed this complaint on August 23, 2024.[2]

Plaintiff contends that she was discriminated against her on the basis of her sex (female and bisexual), Christian religion, disability (anxiety and depression), and being a "single parent." She invokes the ADA, Title VII, and New York State and City Human Rights Laws as the basis for her claims. Plaintiff sues Postmaster General Lois DeJoy, and eleven of her former coworkers.

## DISCUSSION

**A.     Claims under ADA**

Plaintiff invokes the ADA as a basis for disability discrimination claims against the USPS. Federal employees, however, have no remedy under the ADA for disability discrimination. *See Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) ("As a federal employee, [Plaintiff] has no remedy for employment discrimination under the ADA."); *Sung v. DeJoy*, No. 22-CV-07682 (HG) (LB), 2024 WL 4107212, at *6 (E.D.N.Y. Sept. 5, 2024) (explaining that the ADA's definition of "employer," 42 U.S.C. § 12111(5)(B)(i), does not reach the federal government) (citation omitted). Plaintiff's claims under the ADA must therefore be dismissed.

Instead, claims of disability discrimination against a federal employer can be brought under the Rehabilitation Act. *See Carter v. Porter*, No. 06-CV-3854, 2007 WL 879417, at *4 (E.D.N.Y. Mar. 22, 2007) ("[A current or former] federal employee . . . may seek relief for . . .

---

[2] The exhibits to the complaint indicate that the discrimination charge was dismissed on the ground that she had previously raised the same claims and been issued a Notice of Right to Sue, but she did not file a complaint. (ECF 1 at 11-14.)

4

[disability-related] retaliation solely through . . . the Rehabilitation Act. . . .") A Rehabilitation Act claim can be based either on an employer's failure to accommodate a disability or on retaliation for raising disability discrimination. To state a Rehabilitation Act claim for failure to provide a disability accommodation, a plaintiff must allege facts showing that: "(1) the plaintiff is a person with a disability under the meaning of [the Rehabilitation Act]; (2) an employer covered by the statute had notice of [the plaintiff's] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Natofsky v. City of New York*, 921 F.3d 337, 352 (2d Cir. 2019).

To state a Rehabilitation Act claim for retaliation, a plaintiff must show that: "(i) [she] was engaged in protected activity; (ii) the alleged retaliator knew that [she] was involved in protected activity; (iii) an adverse decision or course of action was taken against [her]; and (iv) a causal connection exists between the protected activity and the adverse action." *Natofsky*, 921 F.3d at 353.[3] Such a causal connection may be shown either: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Id.*

---

[3] The Rehabilitation Act incorporates by reference the ADA's antiretaliation provision, which provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful [under the Rehabilitation Act] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the Rehabilitation Act]." 42 U.S.C. § 12203(a) (ADA); *see* 29 U.S.C. § 794(d) (Rehabilitation Act).

Here, Plaintiff states that she is disabled with depression and anxiety. (ECF 1 at 5.) The Court assumes, for purposes of this order, that Plaintiff sufficiently alleges that she is disabled within the meaning of the Rehabilitation Act.

It is unclear from the complaint, however, which of Plaintiff's allegations relate to disability discrimination. Plaintiff alleges that, at her job, "[s]trenuous labor caused health complications" and that unspecified actions "caused trauma induced disorders (anxiety and depression)." (*Id.* at 7-8.) Plaintiff does not allege that she was denied an accommodation for a disability or that the employer took retaliatory action based on protected activity. Instead, Plaintiff alleges that her employment caused, or was a factor, in her causing her disability (depression and anxiety), which does not state a claim under the Rehabilitation Act. *See, e.g.*, *Sung*, 2024 WL 4107212, at *10 ("[T]he thrust of Plaintiff's complaint is not that he was discriminated against based on a disability, but rather that his work at USPS caused his various injuries . . . The Rehabilitation Act cannot help him because the remedy [for such harm] is a Workers' Compensation claim" (citations and quotations omitted)). The allegations of the complaint are therefore insufficient to state a claim of disability discrimination in violation of the Rehabilitation Act.

Below, the Court grants Plaintiff leave to amend her complaint and plead a Rehabilitation Act claim for disability discrimination based on the standards set forth above. The Court notes that the proper defendant for a federal employee's Rehabilitation Act claim is the head of the relevant agency. *See* 42 U.S.C. § 2000e-16(c) (Title VII); 29 U.S.C. § 794a(a)(1) (Rehabilitation Act adopts Title VII's remedial and procedural scheme). If Plaintiff chooses to amend her complaint and plead a Rehabilitation Act claim, the Postmaster General is the only proper defendant for such claim.

6

B.  **Title VII**

To state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse [employment] action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

To state a retaliation claim under Title VII, a plaintiff must allege facts showing that: "(1) [the] defendant[ ] discriminated–or took an adverse employment action–against him, (2) 'because' he has opposed any unlawful employment practice." *Id.* at 90 (quoting 42 U.S.C. § 2000e-3(a)). For an adverse retaliatory action to be "because "of the plaintiff's opposition to an unlawful employment practice, the plaintiff must plausibly allege that the retaliation was a "but-for" cause of the employer's adverse action. It is not enough that retaliation was a "substantial" or "motivating" factor in the employer's decision. *Id.* at 90-91.

For discrimination and retaliation claims, the Court notes that "the only proper defendant in a Title VII action by a USPS employee is the Postmaster General." *Mathirampuzha v. Potter*, 371 F. Supp. 2d 159, 163 (D. Conn. 2005) ("Title VII does not impose individual liability . . . ."); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995).

Here, Plaintiff alleges that she suffered an adverse action – the termination of her employment. But she does not plead any facts linking the termination of her employment to her Christian religion, or female sex. Moreover, although Plaintiff alleges that she was subjected to "harassment," and "bias[ed] treatment," and that she was "verbally abused," there are no allegations about what was said to her or who said it, or why. Plaintiff's allegations that she was subjected to a "hostile work environment" and "harassment" are simply legal conclusions;

7

instead, Plaintiff must plead facts about what occurred. Plaintiff thus fails to state a claim under Title VII.

The Court grants Plaintiff leave to replead her Title VII claim to allege facts about what occurred that gives rise to an inference of discrimination based on her religion or sex. The only proper defendant for a Title VII claim, however, is the Postmaster General. Title VII cannot be the basis for a claim against Plaintiff's former coworkers or supervisors.

C.     **Claims under NYSHRL and NYCHRL**

For federal employees, Title VII preempts state law claims of discrimination. *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998); *Song v. Becerra*, No. 22-CV-9678, 2022 WL 17618485, at *1 (S.D.N.Y. Dec. 13, 2022); *DiPetto v. Potter*, No. 08-CV-4927, 2011 WL 4356163, at *2 (E.D.N.Y. Sept. 14, 2011) ("Plaintiff's claims under the New York State Human Rights Law must be dismissed because Title VII provides the exclusive remedy for federal employees asserting employment discrimination claims." (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)). Accordingly, the Court dismisses Plaintiff's claims under the NYSHRL and NYCHRL for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

D.     **Referral for legal assistance**

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the City Bar Justice Center's intake form. A flyer with details is attached.[4]

---

[4] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim of employment discrimination or retaliation under Title VII or the Rehabilitation Act, the Court grants Plaintiff 60 days' leave to file a second amended complaint to detail her claims.

The Court notes that the proper defendant for a federal employee's Rehabilitation Act or Title VII claim is the head of the relevant agency. *See* 42 U.S.C. § 2000e-16(c) (Title VII); 29 U.S.C. § 794a(a)(1) (Rehabilitation Act adopts Title VII's remedial and procedural scheme). If Plaintiff chooses to amend her complaint and plead a Rehabilitation Act or Title VII claim, the Postmaster General is the only proper defendant for such claims.

In the "Statement of Claim" section, Plaintiff should include:

a) the names and titles of all relevant persons;

b) a description of all relevant events, including what each person did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-6674 (LTS). An amended complaint form for an employment discrimination action is attached to this order. No summonses will issue at this time.

If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 13, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

Do you want a jury trial?
☐ Yes    ☐ No

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name              Middle Initial          Last Name

_____
Street Address

_____
County, City                            State                   Zip Code

_____
Telephone Number                        Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:    _____
                Name

                _____
                Address where defendant may be served

                _____
                County, City            State           Zip Code

Defendant 2:    _____
                Name

                _____
                Address where defendant may be served

                _____
                County, City            State           Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City             State             Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City             State             Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law): _____

### IV. STATEMENT OF CLAIM

#### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐ did not hire me

☐ terminated my employment

☐ did not promote me

☐ did not accommodate my disability

☐ provided me with terms and conditions of employment different from those of similar employees

☐ retaliated against me

☐ harassed me or created a hostile work environment

☐ other (specify): _____

_____

#### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.   ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐   Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?  _____

☐   No

Have you received a Notice of Right to Sue from the EEOC?

☐   Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?  _____

When did you receive the Notice?  _____

☐   No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

☐   direct the defendant to hire me

☐   direct the defendant to re-employ me

☐   direct the defendant to promote me

☐   direct the defendant to reasonably accommodate my religion

☐   direct the defendant to reasonably accommodate my disability

☐   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name      Middle Initial | Last Name |
| Street Address | |
| County, City      State | Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

Name (Last, First, MI)

Address    City    State    Zip Code

Telephone Number    E-mail Address

Date    Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.



- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)